IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

PETER ELLIS WASHINGTON          *

    Plaintiff,                  *

    v.                          *    2:09-CV-263-TMH
                                     (WO)
CITY OF MONTGOMERY, *et al.*,    *

    Defendants.                 *

_____

**ORDER**

This case is presently pending before the court on a complaint filed by Peter Washington, an inmate currently incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama. The complaint names two defendants - the City of Montgomery and the Montgomery Police Department.[1]   Plaintiff contends that he was falsely arrested on June 6, 2008, that the indictment against him is invalid, and that his attorney has provided ineffective assistance by failing to challenge the validity of the indictment.

"Federal Rules of Civil Procedure 8(a)(2) requires only 'a short and plain statement

---

[1] The court notes that the Montgomery Police Department is not a legal entity subject to suit or liability under § 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Plaintiff's claims for relief lodged against this Defendant, therefore, are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary, rather the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. ___, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

Here, Plaintiff's complaint against the named defendants merely contains general conclusions of constitutional violations and fails to identify any factual allegations material to specific counts lodged against any specific individuals with respect to the alleged violation of Plaintiff's constitutional rights for false arrest.

The court finds that the complaint does not provide any facts which supply any basis for a false arrest claim. Plaintiff's mere allegation that he was falsely arrested is not sufficient, even under the liberal reading of Rule 8, to show he was arrested without probable cause. The Fourth Amendment provides that one has the right to be free from unreasonable searches and seizures. An arrest is a seizure, *see California v. Hodari D.,* 499 U.S. 621, 624 (1991), "and the 'reasonableness' of an arrest is, in turn, determined by the presence or absence of probable cause for the arrest." *Skop v. City of Atlanta,* 485 F.3d 1130, 1137 (11th Cir. 2007). Accordingly, the court deems it appropriate to require Plaintiff to amend his

complaint to correct the deficiencies noted herein.

Accordingly, it is

ORDERED that on or before **April 16, 2009** Plaintiff shall amend his complaint to provide the following additional factual information:

1. Name the individual(s) who allegedly violated his constitutional rights;

2. Describe with particular detail how the individual(s) named as the defendant(s) acted in violation of *his* constitutional rights.

3. Identify specific claims relative to *actions taken against him* by Defendant City of Montgomery and any other individual who may be amended as a party to this action and list these claims in separate counts;

4. Describe with clarity those factual allegations that are material to each specific count against Defendant City of Montgomery and any other individual who may be amended as a party to this action; and

5. Describe how Defendant City of Montgomery and any other individual who may be amended as a party to this action violated *his* constitutional rights.

Plaintiff is hereby advised that the amendment to his complaint must set forth short and plain statements showing why he is entitled to relief and be specific enough to put Defendant(s) on notice of how Defendant's conduct allegedly violated Plaintiffs' constitutional rights with respect to his false arrest claim and should contain only claims

relative to actions taken against him by Defendant(s) in this regard.  Each allegation in the pleading should be simple, concise and direct.  *See* Rule 8, *Federal Rules of Civil Procedure*.  Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

Done, this 1st day of April 2009.

     /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE